CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE KERSEY, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| Plaintiff, | | |
| v. | | |
| STAPLES, et al. | | |
| Defendants. | | |

CLASS ACTION COMPLAINT
Case No.:

TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 2

II.  PARTIES ............................................................................................................... 3

III. JURISDICTION AND VENUE ............................................................................ 4

IV. FACTUAL ALLEGATIONS ................................................................................ 5

    A.   General Background .................................................................................... 5

V.  CLASS ACTION ALLEGATIONS ...................................................................... 5

VI. VIOLATIONS ALLEGED .................................................................................... 5

FIRST CLAIM FOR RELIEF (VIOLATION OF THE MASSACHUSETTS UNFAIR
    COMPETITION LAW) (ON BEHALF OF PLAINTIFF AND THE CLASS) ......... 5

SECOND CLAIM FOR RELIEF (VIOLATION OF THE MASSACHUSETTSD FALSE
    ADVERTISING LAW) (ON BEHALF OF PLAINTIFF AND THE CLASS) ......... 5

THIRD CLAIM FOR RELIEF (BREACH OF EXPRESS WARRANTY) (ON
    BEHALF OF PLAINTIFF AND THE CLASS) .......................................................... 5

FOURTH CLAIM FOR RELIEF (BREACH OF IMPLIED WARRANTY) (ON
    BEHALF OF PLAINTIFF AND THE CLASS) .......................................................... 6

# CLASS ACTION COMPLAINT

FIFTH CLAIM FOR RELIEF  (UNJUST ENRICHMENT/MONEY HAD AND RECEIVED) (ON BEHALF OF PLAINTIFF AND THE CLASS) ........................... 6

SIXTH CLAIM FOR RELIEF  (VIOLATION OF THE MASSACHUSETTS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION STATUTE) (ON BEHALF OF PLAINTIFF AND THE CLASS) ..................................................................................................................6

PRAYER FOR RELIEF ................................................................................................6

JURY DEMAND .........................................................................................................6

Plaintiff George E. Kersey ("Plaintiff"), individually and on behalf of all others similarly situated, for his class action Complaint, alleges as follows based upon personal knowledge, investigation, information and belief, and publicly available information:

## I.   INTRODUCTION

1. This is a class action arising from Defendants STAPLES, VERBATIM, and RADIO SHACK, ("Defendants") repeated failure and inability to deliver non-defective DVD-R Discs that conform to their express and implied warranties; their breach of consumer protection, unfair competition and false advertising; and their unjust enrichment.

2. Defendants originally marketed and delivered DVD-R discs that conformed to their express and implied warranties.

3. Defendants now market – and continue to market – the Discs as innovative, fast, powerful, reliable, dependable, and having extremely low failure rates.

4. The Disks are not, however, reliable or dependable and they do not have low failure rates. Rather, they are defective and fail prematurely at spectacularly – and in many respects - high rates.

5. The Disks now purchased by Plaintiff and putative Class Members fail immediately or after unreasonably short intervals including, without limitation, immediately after purchase. Indeed, many Class Members have purchased Disks that failed immediately or months, weeks, or days after use.

6. Defendants are believed to have expressly warranted that they would replace failed Disks, but the replacements would also be defective and fail at extremely high rates. Thus, the warranties failed of their essential purpose because Defendant never delivered non-defective, conforming Disks.

7. This suit is brought on behalf of Plaintiff and all other purchasers of Defendant's Disks for violation of the Massachusetts Unfair Competition Law, the Massachusetts False Advertising Law, the Massachusetts Deceptive Trade Practices and Consumer Protection Statute, breach of express and implied warranties, and unjust enrichment.

2

**CLASS ACTION COMPLAINT**

8.  As a result of these violations and breaches, this action seeks restitution; damages arising from replacement costs, loss of data, and data recovery expenses; other actual, consequential, and incidental damages; interest; reasonable attorneys' fees and costs; and any other relief the Court deems just and appropriate.

## II.  PARTIES

9.  Plaintiff George Kersey is a natural person and a citizen of Rhode Island, who receives mail at P.O. Box 1073, Framingham, Massachusetts 01701 and P.O. Box 110, Narragansett, RI 02882. Plaintiff purchased the defective DVD-R disks in Massachusetts. As set forth herein, Plaintiff and Class members suffered an ascertainable loss, namely the loss of money, financial injury, and damages as a direct and proximate result of the acts and omissions committed by Defendants.

10.  Defendant Staples, officially known as "Staples The Office Superstore LLC" is a Massachusetts business organization located in Natick Massachusetts whose Registered Agent is CT Corporation, 155 Federal street, 700, Boston, MA 03110 is a seller of the defective DVD-R disks .

11.  Defendant Verbatim has the legal name Verbatim America LLC, but is not registered with the Massachusetts Secretary of State and is, therefore, believed not to be authorized to do business in Massachusetts. Verbatim America LLC,  8210 Univ. Exec. Park Drive #300, Charlotte, NC 28262 is the owner of the registered trademark "Verbatim". An Agent for the Service of Process is: The Corporation Trust Company, Corporation Trust Center, 1209 Orange street, Wilmington, Delaware 19801, 302-658-7581.

12.  Defendant  RadioShack  Corporation ("RadioShack") is a DE corporation , 300 Radioshack Circle CF4-340, Ft. Worth, TX 76102. While Radio Shack has no registered agent in Massachusetts and is in violation of MGL  Title XXII Chap 156D, RadioShack has an authorized agent in Texas, namely Business Filings Incorporated, 701 Brazos Street Ste 701, Austin, TX 78701

13.  Defendant Office Max, officially known as Office Depot, Inc., is a seller of defective DVD-R "Memorex" disks. Office Depot has a Registered Agent: Corporate Creation Network, Inc. 225 Cedar Hill Street #200, Marlborough, MA 01752

14.  Defendant Memorex-CE is the trade name of MEM-CE, LLC, 11485 Valley Rd., Eden Prairie, MN 55344, and is a seller of defective DVD-R Memorex  disks and the exclusive licensee of the "Memorex" mark, but not registered to do business in Massachusetts

15.  Defendant DPI, Inc. 900 N. 23rd Street, St. Louis, Mo 63106  is the owner of "Memorex" U.S.  trademark registration No 2599345 for DVD disks and a seller of defective DVD-R Memorex  disks, but  not registered to do business in Massachusetts

### III.     JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there are more than 100 proposed Class Members, some members of the proposed class – including Plaintiff – and the Defendants are citizens of different states, and the amount in controversy exceeds $1 million.

17.     This Court has personal jurisdiction over Defendant Staples because Defendant has its principle place of business in Massachusetts and directs all of its operations from there. Alternatively, this Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with Massachusetts such that the exercise of jurisdiction by this Court is consistent with notions of fair play and substantial justice: A substantial portion of the wrongdoing alleged in this Complaint took place in Massachusetts; Defendant conducts business in Massachusetts and otherwise avails itself of the protections and benefits of Massachusetts law through the promotion, marketing, and sale of its Disks in the State; and this action arises out of or relates to these contacts.

### CLASS ACTION COMPLAINT

18.     This Court has personal jurisdiction over Defendants Staples and Verbatim because Defendants do business in Massachusetts. Alternatively, this Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with Massachusetts such that the exercise of jurisdiction by this Court is consistent with notions of fair play and substantial justice: A substantial portion of the wrongdoing alleged in this Complaint took place in Massachusetts; Defendants conduct business in Massachusetts and otherwise avails themselves of the protections and benefits of Massachusetts law through the promotion, marketing, and sale of their Disks in the State; and this action arises out of or relates to these contacts.

19.     This Court has personal jurisdiction over Defendants Memorex-CE and RadioShack because Defendants do business in Massachusetts. Alternatively, this Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with Massachusetts such that the exercise of jurisdiction by this Court is consistent with notions of fair play and substantial justice: A substantial portion of the wrongdoing alleged in this Complaint took place in Massachusetts; Defendants conduct business in Massachusetts and otherwise avails themselves of the protections and benefits of Massachusetts law through the promotion, marketing, and sale of their Disks in the State; and this action arises out of or relates to these contacts.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do business in Massachusetts.

21.     Assignment:  Assignment to the Boston division of this Court is appropriate because Defendants businesses  are in the Boston area.

### IV.   FACTUAL ALLEGATIONS
#### A.   General Background

22.    A DVD-R ("Digital Versatile Disc Recordable") disk is an optical electromechanical data storage device used for storing and retrieving optical information on a recorder-player machine. The reflective property on a spot of the disc will determine whether a peak or valley has been encountered containing a dye or stamped aluminum. To form the disc, two thin acrylic sub-discs are bonded together with adhesive. One of the sub-discs has a laser guiding groove and coated with a dye and a silver alloy or gold reflector. The other sub-disc is plain and used as a cover for all of the disks that are the subject of this case

20.    It would appear obvious that if the wrong dye is used or the wrong pit structure is used, or if an improper laser groove is employed, or if any other manufacturing error exists, the discs will not be recordable, or partially recordable or fail in some other way.

21.    The originally manufactured discs of the Defendants, many years ago, all performed well and many are use today, but the discs now manufactured and sold by the defendants employ a change in manufacturing process that has made the discs defective.

22.    The Defendants could easily have tested theirs discs before offering them for sale to eliminate those that are defective, but have now failed to do so.

CLASS ACTION COMPLAINT

### V.   CLASS ACTION ALLEGATIONS

Rules 23(a) and 23 (b)(3) of FRCP

### VI.   VIOLATIONS ALLEGED

**FIRST CLAIM FOR RELIEF  (VIOLATION OF THE MASSACHUSETTS UNFAIR COMPETITION LAW) (ON BEHALF OF PLAINTIFF AND THE CLASS)**

The Defendants  have violated MA Gen Laws Ch 93A by unfairly competing with npn-defective DVD-R discs

**SECOND CLAIM FOR RELIEF  (VIOLATION OF THE  MASSACHUSETTSD FALSE ADVERTISING LAW) (ON BEHALF OF PLAINTIFF AND THE CLASS)**

The Defendants  have violated MA Gen Laws Ch 93A § 1 and 2  and Ch 266 §91 by falsely advertising that their defective disk will be appropriately recordable

**THIRD CLAIM FOR RELIEF  (BREACH OF EXPRESS WARRANTY)  (ON BEHALF OF PLAINTIFF AND THE CLASS)**

The Defendants have falsely warranted that their disks will be appropriately recordable

5

**FOURTH CLAIM FOR RELIEF  (BREACH OF IMPLIED WARRANTY) (ON BEHALF OF PLAINTIFF AND THE CLASS)**

The Defendants have falsely implied that their disks will be appropriately recordable

**FIFTH CLAIM FOR RELIEF  (UNJUST ENRICHMENT/MONEY HAD AND RECEIVED) (ON BEHALF OF PLAINTIFF AND THE CLASS)**

By manufacturing , selling and failing top test the product offered for sale, the Defendants have become unjustly enriched

**SIXTH CLAIM FOR RELIEF  (VIOLATION OF THE MASSACHUSETTS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION STATUTE) (ON BEHALF OF PLAINTIFF AND THE CLASS)**

The Defendants have engaged in deceptive trade practices and violated consumer protection

### PRAYER FOR RELIEF

Defendants request the following relief

    A. Actual, incidental and consequential damages
    B Pre and Post Judgment Interest
    C Equitable relief and restitution
    D Equivalent attorney's fees and costs
    E  Injunction
    F.  All other remedies under the law

### JURY DEMAND

Plaintiff demands a trial by jury on all matters and issues so triable

        Respectfully submitted.

        /s/ George Kersey
        GEORGE KERSEY,
        P.O. Box 1073,
        Framingham, MA 01701
        518-966-9690