UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE KERSEY,<br>    Plaintiff,<br><br>v.<br><br>STAPLES, et al.,<br>    Defendants. | Civil Action No.<br>17-11267-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court grants the plaintiff's motion to proceed in forma pauperis and directs the plaintiff to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint.

I. **Background**

George A. Kersey ("Kersey") filed a complaint asserting various tort and statutory claims in connection with the manufacture and sale of DVD-R disks which Kersey alleges are defective and do not perform as warranted. With the complaint, Kersey filed an Application to Proceed in District Court without Prepaying Fees or Costs.

Kersey brings this purported class action lawsuit, on behalf of himself and all other purchasers of the alleged defective DVD-R disks, against Staples, Inc.; Verbatim America LLC; Radio Shack Corp.; Office Depot Inc.; Memorex-CE; and DPI, Inc. The complaint alleges breach of warranty, breach of implied warranty, unjust enrichment, violation of the Massachusetts Unfair

Competition Law, Violation of the Massachusetts False Advertising Law, and Violation of the Massachusetts Consumer Protection Act. Kersey seeks, among other things, an unspecified amount of actual, incidental and consequential damages.

The Court's records indicate that Kersey has appeared in this Court both as an attorney[1] and as a pro se litigant. See e.g. Kersey v. Trump, 17-11635-ADB (pending); Kersey v. Am. Honda Fin. Corp., 16-12631-FDS (pending); Kersey v. Peoples' United Bank, et al., 16-12414-PBS (closed); Kersey v. Becton Dickinson and Co., 16-10495-LTS (closed); Kersey, et al. v. Prudential Ins. Agency LLC, 15-14186-GAO (closed); Fraser, et al. v. Gortons, 12-10479-RGS (closed); Kersey v. Sears Roebuck & Co., 08-11720-RWZ (closed); and Kersey v. Sears Roebuck & Co., 08-10800-RWZ (closed). Kersey has since been disbarred. In re George E. Kersey, 444 Mass. 65 (2005).

## II. Discussion

### A. Motion to Proceed In Forma Pauperis

Upon review of the motion to proceed in forma pauperis, the Court concludes that the plaintiff has adequately shown that he is without means to prepay the $400.00 filing fee. The Court therefore allows the motion.

### B. Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

---

[1] See e.g. Brown v. Flood, 97-12645-EFH; Bonis v. Kaplan, 97-12522-EFH; Costello v. McManus, 94-10552-NG; and Defazio v. Delta Air Lines, 92-13000-RCL.

This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. at 678 (quotation marks omitted)). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.

3

Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." See Belanger v. BNY Mellon Asset Mgmt., No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015).

Although Kersey is proceeding pro se, he was an attorney before he was disbarred by Massachusetts. Courts have declined to construe liberally the pleadings of former attorneys appearing pro se. See, e.g., Presnick v. Bysiewicz, 297 F.Supp.2d 431, 433 (D. Conn. 2003) ("While pro se complaints are held to less exacting standards than pleadings drafted by lawyers, plaintiff, a former attorney, is not entitled to the considerations accorded a typical pro se plaintiff."); Bertucci v. Brown, 663 F.Supp. 447, 449 (E.D.N.Y. 1987) (former attorney proceeding pro se was "not entitled to the considerations accorded a typical pro se plaintiff"). Although Kersey is not a typical pro se litigant, the Court will, in an abundance of caution, afford him some leeway. See In re Osborne, No. 13-CV-8211 CS, 2014 WL 2738558, at *2 n. 5 (S.D.N.Y. June 17, 2014) (noting that it was unclear

whether former attorney proceeding pro se was entitled to "the special solicitude afforded to pro se litigants," but treating him as a pro se litigant "out of an abundance of caution") aff'd, 594 F. App'x 34 (2d Cir. 2015). Even with a liberal reading of the complaint, it is subject to dismissal.

1.  **Diversity Jurisdiction**

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. Additionally, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, requiring that the state of citizenship for each plaintiff must be different from that of each defendant. Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). "Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction 'depends upon the state of things at the time of the action brought.'" ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).

"For purposes of diversity, a person is a citizen of the state in which he is domiciled." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992). A "domicile" is defined as "the place where [the person] has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." Id. (quotations and citations omitted). A corporation, on the other hand, is "deemed to be a citizen of every State and foreign state by which it has been incorporated

5

and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Here, it is not evident from the face of the complaint that this Court has diversity jurisdiction over the plaintiff's claims. First, Kersey has not sufficiently alleged that his claim meets the jurisdictional amount, i.e. that it exceeds $75,000. Next Plaintiff alleges that the defendants are located in Massachusetts, Delaware and Texas. However, Kersey fails to identify his domicile or state of residence. Although Kersey alleges that he is a citizen of Rhode Island, he also alleges that he receives mail at post office boxes in Framingham, Massachusetts, and Narragansett, Rhode Island. As a result, it is unclear whether Kersey's domicile is in Massachusetts or Rhode Island. If Kersey's domicile or state of residence is Massachusetts, complete diversity of citizenship between Kersey and the Massachusetts defendants would not exist.

### 2. Sufficiency of the Complaint

Even if Kersey is able to overcome the defects in his jurisdictional allegations, the Court finds that the allegations in the complaint fail to assert plausible claims against any of the defendants and the Court will not credit his conclusory assertions. The factual allegations are found in four short paragraphs in the complaint. See Compl. p. 5 (IV factual allegations). However, Kersey fails to allege when and how he was harmed.

The factual allegations repeatedly refer to what the

"Defendants" did or failed to do. The claims are asserted collectively against the defendants and it is often impossible to cull out the causes of action asserted against each of the defendants separately. Further, Kersey makes bald assertions that the Defendants violated the law, but apart from these assertions he does not clearly link specific factual allegations of wrongdoing against each defendant. Rather, these assertions are often generalized and made as part of a general description of his claims. The claims are not set forth in a fashion which would permit the defendants to file a meaningful response. It would be unduly burdensome for the defendants to parcel out or identify the precise grounds upon which each claim is based. Under the Federal Rules of Civil Procedure, the onus is on the plaintiff to submit a complaint which sets forth, in an organized fashion, each claim he seeks to assert. Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." See 28 U.S.C. § 1915(e)(2)(B)(ii); Twombly, 550 U.S. at 570.

The Court will therefore direct Kersey to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint[1] that cures the pleading deficiencies of the original complaint.

---

[1] As an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

## ORDER

In accordance with the foregoing:

(1) The motion to proceed in forma pauperis (#2) is **GRANTED**.

(2) The plaintiff is directed to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 21, 2017