```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| GEORGE KERSEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-11267-NMG |
| STAPLES, et al., ) | |
|     Defendants. ) | |

                      MEMORANDUM AND ORDER

**GORTON, J.**

    For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction.

**I.**   **Background**

    George Kersey ("Kersey"), appearing pro se, filed a class action complaint alleging that the defendants marketed and sold defective DVD-R Disks. See Docket No. 1. With his complaint, he filed an Application to Proceed in District Court without Prepaying Fees or Costs. See Docket No. 2.

    By Memorandum and Order dated December 21, 2017, Kersey was granted leave to proceed in forma pauperis and was directed to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint. See Docket No. 5. Kersey was advised that (1) complete diversity of citizenship would not exist if Kersey's domicile or state of residence is

Massachusetts; (2) the complaint fails to sufficiently allege that his claims meet the jurisdictional amount for diversity jurisdiction; and (3) the complaint fails to allege a plausible claim against any of the defendants. Id.

Now before the Court are Kersey's show cause response and amended complaint. See Docket Nos. 6, 7. In his show cause response, Kersey argues that his complaint is not subject to dismissal. See Docket No. 7. As to the sufficiency of the pleadings, Kersey argues that his claims are plausible because (1) he stated that the defendants have sold and marketed defective DVD-R disks; and (2) he should be entitled to relief "if [he] can show a jury that Defendants have sold and marketed such disks." Id. at p. 3.

Kersey's Amended Complaint alleges that he is a citizen of Rhode Island, and that he receives mail at a Framingham, Massachusetts address. See Am. Compl, ¶ 9. Kersey sues on his own behalf and on behalf of a proposed class. Id. Kersey believes there is federal jurisdiction under the Class Action Fairness Act ("CAFA"), id. at ¶ 16, which provides diversity jurisdiction for class actions when certain criteria are met.[1] See 28 U.S.C. § 1332(d). Kersey states that "because there are

---

[1] CAFA gives federal district courts original jurisdiction over class actions in which (i) the aggregate amount in controversy exceeds $5 million, (ii) there are at least 100 members in the putative class, and (iii) there is minimal diversity between the parties. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b).

more than 100 proposed Class Members, some members of the proposed class – including Plaintiff – and the Defendants are citizens of different states, and the amount in controversy exceeds $1 million." Id. at ¶ 16.

Plaintiff alleges in his Amended Complaint that the "originally manufactured disks of the Defendants, many years ago, all performed well and many are [in use] today, but the discs now manufactured and sold by the defendants employ a change in manufacturing process [use of incorrect dye, pit structure or laser grove] that has made the discs defective." Id. at ¶ 21. Plaintiff alleges that the defendants could "easily have tested their discs before offering them for sale to eliminate those that are defective, but have now failed to do so." Id. at ¶ 22. Plaintiff alleges that he "had so many defective disks that his damage from failure to record information that he wished to save amounted to [at least] $75,000." Id. at ¶ 28.

The Amended Complaint alleges breach of warranty, breach of implied warranty, unjust enrichment, unfair competition, false advertising, deceptive trade practices, and violation of the consumer protection laws. Id. at ¶ VI (violations alleged). Kersey seeks (a) actual, incidental and consequential damages, (b) pre and post judgment interest; (c) equitable relief and restitution; (d) equivalent attorney's fees and costs; (e)

injunction; and (f) all other remedies under the law.  Id. at Docket No. 6, p. 10 (prayer for relief).

**II. Discussion**

It is long-settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009) (citing cases); see also CE Design Ltd. V. American Economy Ins. Co., 755 F. 3d 39, 43 (1st Cir. 2014) ("burden is on the federal plaintiff to establish that the minimum amount in controversy has been met."). Additionally, there is no obvious reason why the burden of showing that the jurisdictional amount has been met should be different for removal under diversity of citizenship than under CAFA. See Youtsey v. Avibank Mfg., Inc., 734 F.Supp.2d 230, 236 (D. Mass. 2010) ("In this court's view, every reason the First Circuit used in Amoche in arriving at the 'reasonable probability' standard in the context of CAFA applies equally as well" in the context of diversity jurisdiction).

To determine the amount in controversy, the court first looks to whether the plaintiff made specific damage allegations in the complaint. See Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995). The amount in controversy alleged in a plaintiff's complaint "is accepted if made in good faith," Dart Cherokee Basin Operating Co., LLC v.

4

Owens, 135 S. Ct. 547, 553 (2014), and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). "Importantly, 'when a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.'" Lucas v. Ultima Framingham LLC, No. 12-12380-MLW, 2013 WL 5405668, at *3 (D. Mass. Sep.27, 2013) (quoting Evans v. Yum Brands, Inc., 326 F.Supp.2d 214, 222 (D.N.H. 2004)).

In order to meet the jurisdictional amount in controversy requirement, CAFA allows for the aggregation of class claims, including class-related attorney's fees. See 28 U.S.C. § 1332(d)(6). Even so, the allegations in Kersey's amended complaint fail to show the requisite jurisdictional threshold for CAFA. Additionally, if Kersey wishes to serve as the class representative, he must receive class certification. See Fed. R. Civ. P. 23(a). Kersey, as a pro se litigant in this action, is not authorized to serve as the representative of a class. See D. Mass L.R. 83.5.5(b) ("An individual appearing pro se may not represent any other party ..."); Kerlinsky v. Sandoz, Inc., No. 09-30136-MAP, 2010 WL 4450494, at *2 (D. Mass. Oct. 25, 2010), report and recommendation adopted, 2010 WL 4450450 (D. Mass. Nov. 4, 2010).

With respect to diversity jurisdiction for Kersey's individual claims, the amended complaint fails to identify a monetary amount for his individual damages. Similarly, the response to the order to show cause does not provide a basis to conclude that a sufficient amount in controversy exists with respect to Kersey's individual claims. A court may dismiss an action for insufficiency of the amount in controversy if it is apparent from the face of the pleadings that the plaintiff would never be entitled to recover an amount in excess of the jurisdictional amount. Brady v. Krintzman, No. 12-40064-FDS, 2012 WL 2500593, at *1 (D. Mass. June 27, 2012) (citing St. Paul Mercury Idemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)); see also Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).

Here, Kersey has not shown that the true amount in controversy exceeds $75,000, notwithstanding his claim for one million dollars. Kersey's bare allegation that his claim meets the amount in controversy requirement for diversity subject matter jurisdiction is insufficient. The court cannot infer that defendants' marketing and/or sale of defective DVD-R disks to Kersey can support a claim over $75,000.

In accordance with the foregoing, the court finds that Kersey has not pled a claim over which the court has subject matter jurisdiction. As such, the case will be dismissed

pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### ORDER

In accordance with the foregoing, this case is dismissed without prejudice pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: May 2, 2018